PER CURIAM.
Appellee, as grantor, joined by his wife, executed a deed to their marital home to appellee’s step-children (appellants) as grantees. The wife died. The grantor moved to other housing. The grantees took possession and rented the property. The grantor brought this action to rescind and cancel his deed on various grounds and for mesne profits. The trial court can-celled the deed and awarded the grantor $1,478.80 as costs and $9,553.66 as damages. The damages were calculated based on findings that the grantees collected rent of $7,460 and reasonably expended $6,356.34 for maintenance (for a difference, or net profit, of $1,103.66) and that the grantor was entitled to recover $8,450 paid for the cost of substitute housing while he was not in possession. The trial court added the $1,103.66 to the $8,450 and entered a money judgment against the grantees for the total damages of $9,553.66. The grantees appeal.
We find there is substantial competent evidence supporting the trial judge’s findings of fact supporting the rescission of the deed.
The grantor was not entitled to recover the net rentals plus his cost of substitute housing because if the grantor, rather than the grantees, had possession, the grantor could not have both rented the property and occupied it as his home. The award of damages is duplicative and we hereby modify the judgment to reduce it to the sum of $1,103.66 plus $1,478.80 for a total of $2,582.46.
AFFIRMED AS MODIFIED.
GOSHORN, C.J., and COWART and PETERSON, JJ., concur.